68996. MERRILL LYNCH, PIERCE, FENNER & SMITH
v. TROTTI.
(327 SE2d 565)

BIRDSONG, Presiding Judge.

This is an appeal by Merrill Lynch, as garnishee, contending the trial court erred in ordering Merrill Lynch to place certain trust funds into the registry of the court prior to final judgment in the main case between trustee and trust beneficiary. There was a lawsuit brought by the trust beneficiary, Kathryn Trotti, against the trustee Jane Trotti Mehaffey. Merrill Lynch, as garnishee, admitted it held funds of the trustee; nevertheless, after garnishment, it permitted the trustee (a Florida resident) to withdraw trust funds in the Merrill Lynch account on the excuse that the garnishment only named the trustee personally, and sought monies of the trustee but did not specifically seek trust funds. The trustee removed the trust funds to Florida.

On the face of the record, the trial court did not err in ordering Merrill Lynch to pay into the registry the amount of such funds at the time of garnishment, by partial summary judgment pending final judgment in the main case. See Georgia Code Title 18, Chapter 4, Article 3, "Prejudgment Garnishment Proceedings Generally"; and OCGA § 18-4-40.

The appellee Kathryn Trotti responds that the appeal is moot, and shows in her brief an agreement between the parties in the main case (trustee and trust beneficiary) which terminated the trust and agreed to disposition of the trust assets and to dismissal of the lawsuit. This agreement was executed by the beneficiary February 21, 1984, and forwarded to the trustee, but was not returned to the beneficiary by the trustee until June 26. In spite of the agreement, no funds were returned from Florida by the trustee until July 1984, while this appeal was pending. The partial summary judgment ordering Merrill Lynch to pay trust funds into the court registry pending final judgment in the main proceedings was issued April 4, 1984, neither Merrill Lynch nor the trial court having knowledge of the

February agreement between beneficiary and trustee.

On July 16, while this appeal of the pre-judgment garnishment was in progress, the appellee Kathryn Trotti, beneficiary, having received her funds from the trustee, dismissed this garnishment action against Merrill Lynch. Appellant Merrill Lynch has refused to dismiss this appeal apparently because of assumed injury caused by the manner of the appellee's proceeding and hopes for some recourse for the "inexcusable" trouble and expense which it has been compelled to expend. Appellee beneficiary apparently replies that she could not interrupt this appeal until she had finally received, in July 1984, the absconded funds which appellant had first let out of the state.

While we find no precedent answering the precise contentions of the parties on appeal, we find their equities fairly evenly divided. The pre-judgment garnishment was proper at the time it was entered (see OCGA § 18-4-40), but is now mooted by the beneficiary's dismissal of the garnishment action below. The judgment of the trial court is affirmed, but the case is remanded for proper disbursement of the funds held by the trial court.

*Judgment affirmed and case remanded. Carley and Beasley, JJ., concur.*

DECIDED FEBRUARY 28, 1985.

*William M. Fulcher*, for appellant.
*Stanley G. Jackson*, for appellee.